IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | § § | |
| Plaintiff | § § | |
| V. | § § § | 1:15-CV-077  RP |
| ROGER WIELAND and ROGER WIELAND HILL COUNTRY HERITAGE INSURANCE, LLC, | § § § § | |
| Defendants | § § | |

## DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment, filed July 15, 2015 (Clerk's Dkt. #19).  Plaintiff seeks a default judgment against Defendants Roger Wieland ("Wieland") and Roger Wielands Hill Country Heritage Insurance d/b/a Hill Country Heritage Insurance Agency (the "Agency" and, together with Wieland, the "Defendants") pursuant to Federal Rule of Civil Procedure 55(b) on the ground that Defendants failed to answer or otherwise defend against Plaintiff's Complaint.  Having reviewed Plaintiff's motion, the relevant case law and the entire case file, the Court finds Plaintiff's motion should be granted.

The Clerk of Court Clerk entered an Entry of Default against Defendants in this action on March 9, 2015.  The Defendants' default "does not in itself warrant the court entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered. . . .  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also* 10A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 3688 at 63 ("Even after default, however, it remains for the court to consider whether the

unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

According to the unchallenged facts set forth in the Complaint, Defendants failed to remit to their insurance carrier, Plaintiff, certain insurance premiums due and owing to Plaintiff. Consequently, Wieland executed a promissory note made payable to Plaintiff in the amount of $128,686.80, which amount equaled the unpaid premiums (the "Promissory Note"). A copy of the Promissory Note was attached to Plaintiff's Complaint as Exhibit A.

The Promissory Note states on its face it was made by Weiland "FOR VALUE RECEIVED in the form of audit premium paid to my agency but not remitted to the carrier," and sets forth a repayment schedule that provides for penalties in the event of late payment. According to Plaintiff, the Agency made three payments under the Promissory Note for a total of $15,000.00, but then failed to make the other required payments. Under the unchallenged facts set forth in the Complaint, Defendants still owe Plaintiffs $113,686.80. Defendants have not responded or otherwise attempted to defend against Plaintiff's claims.

These unchallenged facts constitute a legitimate cause of action, whether for breach of contract or under a theory of unjust enrichment. Therefore, Plaintiff's Complaint contains a sufficient basis for the entry of a default judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** Plaintiff's Motion for Default Judgment (Clerk's Dkt. #19) is hereby **GRANTED**, and Default Judgment Is hereby entered in favor of Plaintiff and against Defendants.

**IT IS FURTHER ORDERED** Plaintiff shall recover from Defendants, jointly and severally the principal amount of $113,686.80.

**SIGNED** on August 5, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE